LEGGETT *vs.* SELLON and others.

Infants cannot be made parties to a bill for the sake of discovery merely, as they do not answer on their own oaths.

The answer of an infant, by his guardian, cannot be excepted to for insufficiency.

December 20.    THIS was a demurrer to a bill of revivor and supplement, filed against the infant heirs of John Sellon, deceased, and against the other defendants in the original suit.   The object of the original bill was to compel a specific performance of an agreement between the complainant and John Sellon relative to a small piece of land in the city of New-York.   The bill alleged that at the time of the agreement, Sellon was the beneficial owner of the premises, although the legal title was in the defendant Walton, as his trustee.   It was also alleged in the bill that previous to the filing of the same, Walton conveyed the premises to Dubois, another of the defendants, and that Sellon also executed a conveyance to Dubois of all his interest therein.   Sellon died without property before he had perfected his answer to the bill, and no person had taken out letters of administration on his estate.   The infant defendants, by their guardian ad litem, demurred to the bill of revivor and supplement, on the ground that the complainant had not shown a case entitling him to a discovery, or to relief as against them.

*T. Fessenden,* for the complainant.

*J. Lynch,* for the infant defendants.

THE CHANCELLOR.   I cannot discover that the children of John Sellon have any interest whatever in this controversy. If the allegations in the bill are true, and for the purposes of deciding this question they must be presumed to be true, Sellon had parted with all his legal and equitable interest in the premises in controversy before the commencement of the suit. The only object, therefore, of making him a party was to obtain a discovery, and personal relief against himself in case

the agreement could not be specifically performed. The controversy, so far as it affected the right to the land, was between the complainant and the grantees of Sellon and of his trustee. ⸱ And upon the death of Sellon, his heirs at law took no estate, either legal or equitable, in the premises. It is at least doubtful whether the children of Sellon would be proper parties to this suit, even if their father had left other property which came to them by descent. And they could not be made liable in any case for the contracts of their ancestor, without shewing that they took some property by descent, and that his personal estate was insufficient to satisfy the claim. (2 *R. S.* 452.)

Infants cannot be made parties for the sake of discovery merely, where they have no interest, as they never answer on their own oaths. Neither can the answer of an infant be excepted to for insufficiency. In this case, if there were any papers in the possession of the heirs of Sellon, they might be compelled to produce them before the examiner, by subpœna duces tecum, in the usual manner.

The demurrer is well taken, and the bill of revivor and supplement, as to the infant defendants, must be dismissed with costs.