ded that the proper course, to have a solicitor stricken from Proceedings to strike a solicitor from the rolls. the rolls, is to file charges, accompanied by affidavits supporting the same, and to obtain an order that he show cause, at a time to be specified by the court, why he should not be stricken from the rolls, and that a certified copy of the charges and of the order to show cause must be served upon the person accused such time before the day appointed for showing cause as the court may direct.

That where the complainant enters a common order to Order to dismiss bill on payment of costs, is conditional. dismiss his bill upon payment of costs, the order is conditional, and if he commences another suit before such costs are paid, or at least have been tendered, the pendency of the first suit may be pleaded in abatement of the second. But that where the complainant enters an absolute order to dismiss his Effect of an absolute order of dismissal. bill, with costs to be paid to the defendants, they may either treat it as a valid decree and proceed to collect their costs thereon as if it had been actually entered by order of the court, or may treat it as irregular and apply and have it set aside on that ground.

The service of the subpœna in the first cause, and all subsequent proceedings thereon, set aside for irregularity, with costs to be taxed, and proceedings ordered to be stayed in both causes until the costs of the former suit are paid, together with costs of this motion.

*The President, Directors and Company of the Bank of Monroe* v. *Jacob Widner et al.* M. T. REYNOLDS, for complainants ; H. GAY, for defendants. Application to set aside decree of vice chancellor and all subsequent proceedings, denied with $12 costs.

*Henry McCormick* v. *Calvin T. Chamberlain et al.* T. T. SHERWOOD, for appellant; A. S. DIVEN, for respondents.— Appeal from a decree of the vice chancellor of the eighth circuit dismissing the complainant's bill. In this case the chancellor decided that where answer upon oath is not waiv- Effect of allowing plea to stand for an answer. ed, if a simple plea to the whole bill is allowed to stand for an answer without giving to the complainant liberty to except to the same, and where the plea is not accompanied by an answer so as to entitle the complainant to except without

special leave, the order of the court necessarily implies that the plea is deemed sufficient as an answer, though not necessarily a full and perfect defence. But that when the complainant is allowed to except to the answer for insufficiency, in such a case, the order allowing the plea to stand for an answer with leave to except thereto for insufficiency only implies that the plea contains matters which if put in the form of an answer would have been available as a defence to the whole or a part the matters which it professes to cover. But that the complainant is permitted to except to it as an answer because he is entitled to a further discovery in reference to matters of the bill. That the complainant is not obliged to except to such an answer, although the order allowing the plea to stand for an answer gives him liberty to call for a further answer by exceptions for insufficiency ; but he may file his replication and proceed to take proofs as to all the material facts charged in the bill, in the same manner as if the plea had been put in as an answer originally.— That liberty to except to an answer for insufficiency is never granted where an answer on oath is waived by the complainant's bill. And that allowing a plea to such a bill to stand for an answer, without any provision in the order that the complainant be at liberty to except for insufficiency, is no evidence that the court consider the allegations of the plea as a full and perfect defence to the suit. But that as an answer to such a bill is sufficient as a pleading to put in issue every material allegation in the bill which is not answered and admitted by the defendant, under the provisions of the 40th rule of this court, allowing a plea to a bill in which the answer upon oath is waived, to stand as an answer, must necessarily have the same effect as if the same defence had been put in by the defendant in the form of an answer originally.

Decree appealed from affirmed, with costs.

*Josiah Barber* v. *Jared W. Spencer, et al.* W. T. Wor-den, for complainant; W. W. Campbell, for defendant.— Motion to dissolve injunction denied, Complainant's costs of opposing motion to abide the event of the suit.

*The Utica Insurance Company* v. *James Lynch et al.* W.

*Effect of giving leave to except thereto.*

*Liberty to except to answers for insufficiency refused if oath waived.*