## W. B. SHEPPARD vs. GEO. F. AKERS.

### October Term, 1873.

PRACTICE—EXCEPTIONS TO ANSWER NOT UNDER OATH.—Exceptions will not lie to the sufficiency of an answer where the oath is expressly waived under the statute.

THE CHANCELLOR :—The complainant filed exceptions to the answer of the defendant upon the ground of insufficiency. These exceptions were sustained by the master, and an appeal has been taken from his ruling to the court. If the bill had required an answer under oath, the master's ruling would have been correct. But in this case the bill expressly waives

an answer under oath, and the question arises whether such an answer can be excepted to at all for insufficiency. My predecessor, following Chancellor Walworth, held that no exceptions would lie in such a case. Upon looking into the authorities, the conclusion thus reached seems to be sustained both by reason and authority. It has been the settled practice of the court that exceptions for insufficiency will not lie to the answer of a corporation under its corporate seal; *Wallace* v. *Wallace,* Halst. (N.J.) Dig.173; nor to the answer of the Attorney-General, *Davison* v. *Attorney-General,* 5 Price, 398 *n;* nor of an infant, *Copeland* v. *Wheeler,* 4 Bro., C. C. 256; *Leggett* v. *Sellon,* 3 Paige, 84; nor of the guardian of a person of unsound mind against whom no commission has issued, *Micklethwaite* v. *Atkinson,* 1 Coll. 173; 1 Dan. Ch. Pr. 771; 1 Barb. Ch. Pr. 177. Mr. Hoffman says, "the general rule is that exceptions cannot be taken to an answer without oath, or upon protestation of honor." 1 Hoff. Ch. Pr. 240, note, citing *Hill* v. *Earl of Bute,* 2 Fowler, 11. In analogy to these principles, it has been settled in New York, under a statute similar to ours, that exceptions will not lie to answers to which the oath has been waived, because the answer is not evidence. *McCormick* v. *Chamberlin,* 11 Paige, 543; 1 Barb. Ch. Pr. 177. In Maine and Massachusetts, where there is a similar statute, the courts seem to have adopted a rule that no exceptions can be taken to the answer. 1 Dan. Ch. Pr. 770, note.

The reason given for the practice is that the answer is not evidence. The courts have considered it inequitable to allow the complainant to sift the conscience of the defendant for admissions to be used against him, where the complainant has declined to allow him any of the benefits of the disclosure. A better reason, perhaps, is that the complainant has no right to call for a discovery, when he himself, by waiving the oath has declared that he does not stand in need of it. The idea of sifting the conscience of a party without the instrumentality of an oath is, moreover, contrary to the very theory of chancery proceedings. Whatever may be the reason, the

rule is well established, and, so far as I can see, without any conflict. The exceptions in this case will be stricken from the files as unauthorized.

The point is obviously one of grave consequence, and, notwithstanding this opinion, I will hear argument in opposition to the conclusion reached, either in this or any other case.