## MARIX V. STEVENS.

In passing upon a demurrer to a pleading on the ground that it does not state facts sufficient to constitute a cause of action, the court will only inquire whether it can gather from the pleading the requisite facts, ignoring all immaterial matter and unnecessary allegations. Allegations of immaterial matters may be stricken out on motion.

*Appeal from Superior Court of Denver.*

THE complaint alleges that defendant on the 27th day of January, 1883, rented and leased of the plaintiff two rooms for lodgings, and agreed to pay plaintiff, in advance, the sum of $60 as rent therefor, for the month

next ensuing; that defendant so leased and rented, and had the right to the possession of, said rooms, and the use and enjoyment thereof, at all times during the month ensuing, from said 27th day of January, 1883; that defendant has not paid said sum of $60 or any part thereof. Defendant demurred to the complaint, alleging for cause that it failed to state a cause of action; and that it was ambiguous, unintelligible and uncertain, in failing to show whether defendant used and enjoyed the premises, or merely had the right to the possession, use and enjoyment of the same. Demurrer overruled, and, defendant failing to plead, judgment rendered for plaintiff, from which judgment defendant appealed, and assigned for error the action of the court in overruling the demurrer to the complaint.

`Messrs. SMITH and AUSTIN and`WARD and REUTER, for appellant.

Messrs. JNO. W. HORNER and PETER PALMER, for appellee.

RISING, C. It is urged by appellant, in argument, that the allegations of the complaint do not show a contract for the leasing of realty, but a contract for lodging, personal in its nature, and upon which defendant can only be held liable in damages for breach of contract, as upon actions for the breach of contracts for the purchase of personal property.

There is nothing in the complaint showing that the defendant was a mere lodger or that the contract was a contract for lodging. It states a cause of action for the non-payment of a definite and certain sum, due and payable under a contract of lease of certain real estate. The allegations of the complaint that defendant rented and leased of the plaintiff two rooms; that defendant agreed to pay the plaintiff the sum of $60, in advance, as rent for said premises for the ensuing month; that said sum

had not been paid,— contain a statement of facts suffi-
cient to show a right of recovery. The further allega-
tions of the complaint, that defendant so leased and
rented said premises, and had the right to the possession
thereof, and to the use and enjoyment of the same, at all
times during said month, are wholly unnecessary and
immaterial averments, in no way limiting or controlling
the other statement of facts. In passing upon a demurrer
to a pleading, on the ground that it does not state facts
sufficient to constitute a cause of action, the court will
only inquire whether it can gather from the pleading the
requisite facts, ignoring all immaterial matter and un-
necessary allegations. Bliss, Code Pl. § 425; *Herfort v.
Cramer,* 7 Colo. 483, 488.

The second ground of demurrer, that the complaint is
ambiguous, unintelligible and uncertain, in failing to
show whether defendant used and enjoyed the premises
or merely had the right to the possession, use and enjoy-
ment of the same, is not well taken. The facts admitted
by the demurrer are that defendant leased of the plaint-
iff certain realty, for a definite term, at an agreed rent,
and that said rent is due and unpaid. The action is
brought to recover such rent, and is based upon the ex-
press agreement to pay a fixed and certain sum. The
allegations relating to the use and enjoyment, or the
right to the use and enjoyment, of the premises, consti-
tute no part of the facts upon which the cause of action
rests, and hence there can be no conclusion of law from
such allegations upon which an issue of law can be
joined. These allegations might have been stricken out
on motion. The judgment should be affirmed.

We concur: MACON, C.; STALLCUP, C.

PER CURIAM. For the reasons assigned in the forego-
ing opinion the judgment of the superior court of the
city of Denver is affirmed.

*Affirmed.*