WILLIAM H. McTWIGGAN *et al. vs.* GEORGE F. HUNTER, Collector of Taxes of the Town of East Providence, *et al.*

Where the oath to an answer to a bill in equity is waived, the answer may be excepted to for insufficiency if it does not conform to the rules of pleading. *Kelley* v. *Ryder*, 18 R. I. 455, affirmed.

An answer which states only conclusions of law instead of the facts from which such conclusions result is insufficient.

BILL IN EQUITY to enjoin the collection of a town tax. On exceptions to the answer.

This case was before the court on a former occasion on demurrer. 18 R. I. 776.

*April* 13, 1895.   MATTESON, C. J.   We think that the allegations of the answer in relation to the notice given by the assessors of the time and place of their meeting for the making of the assessment are sufficient.   The first exception to the answer is overruled.

The complainants' second exception to the answer is because the respondents have not stated in it in what manner and form the property of the Grosvenordale Company was exempted from taxation by the town of East Providence, but aver merely that the property of the company was "duly exempted from taxation by said town."   The ground of exception is that this averment is not a statement of fact, but a conclusion of law.   We think that this view is correct.   The answer should set forth the action of the town on which it claimed the exemption rests so that the complainants may have notice of such action and an opportunity to prepare themselves by evidence or otherwise to meet it on the hearing of the bill.   The second exception is sustained.

The point is taken by the respondents that exceptions will not lie to an answer for insufficiency when the oath to it has

been waived. We do not think that the point is tenable. It is true that it has been held in a number of cases that exceptions for insufficiency will not lie to an answer the oath to which has been waived, because such an answer is not evidence for the respondent. *Shepard* v. *Akers*, 1 Tenn. Ch. 326 ; *Smith* v. *St. Louis Ins. Co.*, 2 Tenn. Ch. 599 ; *McCormick* v. *Chamberlain*, 11 Paige, 543 ; *Union Bank of Georgetown* v. *Geary*, 5 Pet. 99 ; *Patterson* v. *Gaines*, 6 How. 588. The Judiciary Act, cap. 20, § 19, however, provides that in such a case the answer shall have the effect given to a plea in an action at law. If it is to have the effect of a plea at law, we can see no reason why it should not be required to conform to the rules of pleading. The complainant by waiving his right to an answer under oath does not waive his right to have an answer to every material allegation of his bill; to be a sufficient answer it must not state conclusions of law but the facts from which such conclusions result ; and it must also fully answer all the material allegations of the bill, confessing and avoiding or directly traversing them. *Kelley* v. *Ryder*, 18 R. I. 455.

The objections to the view that exceptions will not lie to an answer to which the oath has been waived are well stated in *Reed* v. *Cumberland Ins. Co.*, 36 N. J. Eq. 396, as follows : "It is quite obvious that the doctrine under consideration disregards the right of the complainant to such answer as the defendant may make in his favor to the statement of the bill. He has a right to the respondent's answer on every material point, though he waives oath. For he is spared the necessity of proof as to all matters admitted by the defendant. The latter is bound by his admissions in the answer, though put in without oath. *Symnes* v. *Strong*, 1 Stew. Eq. 131 ; *Bartlett* v. *Gale*, 4 Paige, 503. The complainant may avail himself of any allegations therein that tend to establish his case. The complainant's object in waiving oath is merely to deprive the defendant of the advantage of his answer as evidence for himself. Moreover, as a pleading the answer may be utterly insufficient as presenting no defence whatever. It is absurd to say that it must, nevertheless, stand as a defence

because oath was waived. And if it be doubtful whether the matter set up by the answer constitute a defence, may not the complainant try it before the court, to ascertain whether if it can be sustained by proof, it is a defence or not? Further, on the doctrine under consideration, what control can the court have over the formation of the issue? Is it entirely at the pleasure of the defendant what the issues shall be? Manifestly, the proposition cannot be maintained that exceptions or objections for insufficiency cannot be filed to an answer, oath to which is waived."

*Edward D. Bassett & Edward L. Milchell*, for complainants.

*Stephen A. Cooke, Louis Angell & Edwin P. Allen*, for respondents.