ELIZABETH H. PEARSON, executrix, & another, *vs.* ROBERT O. TREADWELL & others, trustees.

Suffolk. March 19, 1901. — September 4, 1901.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Trust,* When not terminated, Laches. *Interest. Equity Pleading and Practice,* Answer under chancery rules.

Six heirs at law and legatees of a certain testator, three of whom were the trustees under his will, made an agreement in writing containing the following: "The amount of income from said Estate which has never yet been paid to us, and which is still remaining in the hands of the Trustees of said Estate undivided, appears on the books of account of said Estate as 'undivided income account,' and is the property of us individually free and clear of any trust, in equal proportions, to wit one fifth part of said undivided income belonging to each one of us, and forms no part of said Trust Estate and shall not go to the last survivor of us, but shall be paid to each of us upon demand or to our Executors or Administrators; and if any share of said 'undivided income' as aforesaid or any other accrued income shall be paid after the decease of any one of us, it shall carry interest from the day of the death of that one of us, to be paid out of the said trust estate; the share of said G. being applied upon his promissory notes now

held by said Trustees agreeably with the terms of an agreement signed by him, dated March 8th, 1872, and now in the hands of said Trustees." Also "that the whole income from said trust estate for the year 1874 and for each and every year subsequent thereto, shall each year be paid over by the said Trustees to the person or persons entitled to receive the same by the terms of said Will"; and "that the trust Estate which shall pass to the last survivor of us shall be, and shall be limited to the capital sum which said Trustees received in trust at the death of said D. H. with the natural increase thereof, but not any income derived therefrom up to the time when the last survivor shall become entitled to the whole of said estate by the terms of said will." In a suit in equity against the trustees, to enforce the trust arising from this agreement, the trustees set up the statute of limitations. *Held,* that the effect of the agreement was not to convert the relation between the plaintiff and the trustees into that of debtor and creditor, but to provide for the execution and carrying out of the trust in accordance with the terms thus established; that the defendants were to continue to hold the property in trust and to account for it as trustees; and consequently that the claim was not barred by the statute of limitations.

An executor of a *cestui que trust* seven and a half years after his appointment brought a bill in equity against the trustees to enforce a trust arising from a written agreement in force before his appointment. The delay of the executor appeared to have been principally if not wholly due to a desire on his part to avoid litigation, some of the trustees apparently taking the ground at one time that they were not liable. *Held,* that under such circumstances laches could not be imputed to the executor.

An agreement among the heirs at law and legatees of a certain estate, that certain income of the estate should be divisible among them upon demand and should not go to the survivor of them, provided, that if any share of such income should be paid after the death of any of them, it should "carry interest from the day of the death of that one of us, to be paid out of the said trust estate." *Held,* that in the absence of any stipulation to the contrary, the rate of interest must be taken to be six per cent per annum as established by law.

Under the Chancery Rules adopted by this court in 1884 and still in force, all answers, except in case of bills for discovery, are to be treated as pleadings merely and cannot be excepted to for insufficiency. Rules 17 and 18 are to be construed as applying only to bills for discovery.

BILL IN EQUITY by Elizabeth H. Pearson, executrix under the will of William H. Treadwell, and Willard Q. Phillips, executor under the will of Emily Treadwell Phillips, against Robert O. Treadwell, George L. Treadwell and John P. Treadwell, the trustees under the will of Daniel H. Treadwell, to enforce a trust arising from an agreement in writing among the heirs at law and legatees under the will of said Daniel, including the three trustees above named, filed July 12, 1898, and amended February 10, 1899.

The agreement sought to be enforced was as follows:

"Know all Men by these Presents that we Robert O. Treadwell, William H. Treadwell, George L. Treadwell, John P.

Treadwell, and Emily T. Phillips, children and heirs at law of Daniel H. Treadwell, Esq., late of Portsmouth in the state of New Hampshire, deceased testate, being the legatees under the Will of said Daniel H. hereby mutually agree with each other —

"First, that the income from the Estate of said Daniel H. which has already been received by us, since the seventeenth day of July A. D. 1864 has been properly paid to us, and shall be severally retained by us, anything in the terms of said will to the contrary notwithstanding.

"Second, that the amount of income from said Estate which has never yet been paid to us, and which is still remaining in the hands of the Trustees of said Estate undivided, appears on the books of account of said Estate as 'undivided income account,' and is the property of us individually free and clear of any trust, in equal proportions, to wit one fifth part of said undivided income belonging to each one of us, and forms no part of said Trust Estate and shall not go to the last survivor of us, but shall be paid to each of us upon demand or to our Executors or Administrators; and if any share of said 'undivided income' as aforesaid or any other accrued income shall be paid after the decease of any one of us, it shall carry interest from the day of the death of that one of us, to be paid out of the said trust estate; the share of said Geo. L. being applied upon his promissory notes now held by said Trustees agreeably with the terms of an agreement signed by him, dated March 8th, 1872, and now in the hands of said Trustees.

"Third, that the whole income from said trust estate for the year 1874 and for each and every year subsequent thereto, shall each year be paid over by the said Trustees to the person or persons entitled to receive the same by the terms of said Will.

"Fourth, that the trust Estate which shall pass to the last survivor of us shall be, and shall be limited to the capital sum which said Trustees received in trust at the death of said Daniel H. with the natural increase thereof, but not any income derived therefrom up to the time when the last survivor shall become entitled to the whole of said estate by the terms of said will.

"Fifth, that the mortgage debt of Thirty five thousand dollars $35000 created by said Daniel H. and secured on land purchased

of Thomas Wigglesworth, shall be paid as soon as possible, and shall be paid out of the capital sum destined for the last survivor of us as aforesaid, and not out of any income derived from said trust estate.

" This agreement shall have no binding force and effect upon our rights except it be signed by all of us above named.

" Heidelberg Decem. 10th, 1874.    Robert O. Treadwell, W. H. Treadwell.    Portsmouth, N. H., February 6th, 1875. Geo. L. Treadwell, John P. Treadwell.    Boston, Feb. 17th, 1875. E. T. Phillips.    Florence, Dec. 21st, 1874.    W. Q. Phillips."

The case came on to be heard before *Lathrop*, J., who, at the request and with the consent of the parties reserved it for the consideration of the full court upon the pleadings, a master's report, the exceptions of the defendant John P. Treadwell thereto, which the justice overruled *pro forma*, and an agreement of the parties relating to such exceptions; such decree to be entered as law and justice might require.

*S. Lincoln,* for John P. Treadwell.

*R. W. Hale,* for the plaintiffs.

MORTON, J.    This is a suit to enforce an alleged trust arising out of a written agreement among the heirs at law of Daniel H. Treadwell.    They are also the legatees named in his will. Daniel H. Treadwell died in 1864 and his will was duly admitted to probate in 1865.    The agreement was signed by some of the parties in December, 1874, and was signed by the others and became operative and binding in 1875.

The case was referred to a master, and at the request and with the consent of the parties was reserved by the presiding justice " for the full court upon the pleadings, the master's report, the exceptions of the defendant John P. Treadwell," which were overruled *pro forma*, " and the agreement of the parties relative to such exceptions, such decree to be entered as law and justice may require."

The defendant John P. Treadwell is the only party who made any objections to the master's report or who has taken any exceptions thereto.    The exceptions taken by him are numerous, but we shall confine ourselves to the matters relied on by him in his brief and at the argument, assuming that the others either have been waived or are not now insisted upon by him.

He contends in the first place that in respect to the undivided income which the trustees had in their hands and which was intermingled with the estate, the effect of the agreement was, as between Mrs. Phillips and the trustees, to convert their relation into that of debtor and creditor, and that the claim now presented by her executor in respect thereof is barred by the statute of limitations. But the effect of the agreement, it seems to us, was not to do away with the relation of trustee and *cestui que trust*, but to fix the rights of the parties as between themselves, and to provide for the execution and carrying out of the trust in accordance with the terms thus established. It is true that the agreement declares that the undivided income represented on the books of the trustees by the "undivided income account" is the property of the heirs at law "individually free and clear of any trust . . . and forms no part of said trust estate." But the object of that declaration, when considered in connection with the rest of the agreement, was, as already observed, not to convert the relation between the trustees and their *cestuis* into that of debtor and creditor, but to remove any question as to the right of the parties as between themselves and the trustees to the undivided income. It is clear, we think, that the trustees were to continue to hold in trust the property represented by the "undivided income account," and that they were to account for it as trustees. The agreement goes on to provide that interest shall be paid on it out of the trust estate, and that the share of George L. Treadwell shall be applied on his notes held by the trustees, — provisions which are inconsistent with any other relation than that of trustee and *cestui que trust*, and which manifestly contemplate a continuance of that relation in regard to the undivided income account. Further, the agreement provides for the payment by the trustees of the income of the trust estate for 1874 and for each and every year subsequent thereto, defines the trust estate which shall pass to the last survivor, and provides for the payment, evidently by the trustees, of a mortgage created by the testator out of the capital of the trust instead of out of the income. It is plain, therefore, we think, that the object of the agreement was to adjust the rights of the parties *inter sese* and that it contemplated a continuance of the trust as thus modified. The defendant John P. Tread-

well does not contend that, if the relation of trustee and *cestui que trust* existed, as we think it did, between himself and the other trustees and Mrs. Phillips, the statute of limitations operates as a bar to the claim made by the executor. But he further contends that the executor has been guilty of such laches in presenting and prosecuting his claim as will prevent a recovery. Mrs. Phillips died on April 12, 1890. Her husband, the plaintiff Phillips, was duly appointed executor of her will. It is not stated in the master's report when he was appointed but it is alleged in the bill that he was appointed in December, 1890, and this allegation is admitted in the answers of the defendants Robert O. and George L. Treadwell. The bill was filed July 12, 1898. As drawn, Pearson was the sole party plaintiff, and the executor of Mrs. Phillips was a party defendant. But it was amended in February, 1899, so as to make the executor of Mrs. Phillips a party plaintiff. The master has found that no laches were proved, and from so much of the evidence as is reported, it seems to us that the finding was correct. The delay on the part of the executor appears to have been principally, if not wholly due to a desire on his part to avoid litigation, — some of the trustees apparently taking the ground at one time, though it does not appear when, that they were not liable. We do not think that laches can be properly imputed to the executor under such circumstances.

The defendant John P. Treadwell further contends that interest should not be allowed at the rate of six per cent. But the agreement expressly provides that upon the decease of any one of the parties interest shall be paid from the day of death upon any share of the " undivided income," or accrued income to which such party would have been entitled. In the absence of any stipulation as to the rate we think that it must be held to be the rate established by law.

The plaintiff Pearson excepted to the sufficiency of the answers of Robert O. and George L. Treadwell. The exceptions were overruled by the presiding justice and the plaintiff appealed. The answers were not under oath. It was formerly provided by the rules of this court that the plaintiff might waive an answer under oath and that in such case no exception for insufficiency should be taken to such answer. Rules of

Practice in Chancery adopted January, 1870. Rule 8, 104 Mass. 570. Such seems to be the general rule of equity practice. *Sheppard* v. *Akers*, 1 Tenn. Ch. 326.    *United States* v. *Mc-Laughlin*, 24 Fed. Rep. 823.    *McCormick* v. *Chamberlin*, 11 Paige, 543.    *Smith* v. *McDowell*, 148 Ill. 51.    *Blaisdell* v. *Stevens*, 16 Vt. 179.    Merwin, Eq. Pl. & Pr. § 986.    Dan. Ch. Pract. (6th Am. ed.) 760 n.    Aldr. Eq. Pl. & Pr. 138.    1 Encyc. Pl. & Pr. 900. 1 Hoff. Ch. Pract. 240 n.    See *contra*, however, *Reed* v. *Cumberland Ins. Co.* 9 Stew. 393, in which it is said that the decision in *McCormick* v. *Chamberlin*, *ubi supra*, depends on Rule 40 of the New York Court of Chancery, which provides that if an answer is not under oath the complainant cannot except to it for insufficiency. By St. 1883, c. 223, § 10, it was provided that answers to bills in equity shall not be sworn to except in cases of bills filed for discovery only. In the rules which were adopted in 1884 no distinction is made between answers which are and those which are not under oath, but it is provided that, " If the plaintiff shall except to an answer as insufficient, he shall file his exceptions," etc. Rules adopted in January, 1884. Rule 17 of Rules for the Regulation of Practice in Chancery, 136 Mass. 606. In the absence of a special rule we think that the general rule in equity practice must apply and that except in the case of answers to bills of discovery no exception will lie for insufficiency. Rule 17 above referred to and Rule 18 are to be construed as applying to cases where exceptions to answers can be taken, namely, to answers to bills of discovery, and not as applying generally to all answers. The result is, it seems to us, that except in the case of bills of discovery answers are to be treated as pleadings merely and as such the reason for allowing exceptions to them for insufficiency ceases to exist. The exceptions were therefore rightly overruled.

> *Decree for the plaintiffs for amounts found due by the master.*