[No. 4015.]

Dygert, et al. v. Clem, et al.

1. Attachment—*A Legal Remedy—Statutes Strictly Construed.* An attachment is a special remedy of law, except where authorized by statute in equitable causes. (287, 288)

And the code provisions (Rev. Code secs. 98, 99) are strictly construed. (287)

2. —— *Affidavit,* must show an indebtedness. (288)

The complaint alleged that defendants represented that one Glasgow would be, with plaintiffs and defendants, one of the purchasers of a horse, and on the faith of this promise, and the further promise that if Glasgow should not sign the promissory notes for the purchase money, subscribed by plaintiffs, it should be returned and cancelled; that, in fact, Glasgow had taken no interest in the horse, had never signed the notes, and that defendants had refused to return them and plaintiffs feared that defendants would negotiate the notes. *Held* that these averments constituted the basis of a suit in equity; that neither of the notes having been paid by plaintiffs no indebtedness from defendants to plaintiffs existed. (287, 288)

3. Promissory Note—*Delivery on Condition,* that it is not to be obligatory until subscribed by a third person is void in the hands of the original payee, if the condition is not performed. (288)

In an equitable suit for the purpose it is proper to decree surrender of the notes, which is equivalent to a cancellation, in the hands of defendants. (289)

But judgment for the amount thereof was reversed, without prejudice to any right of action then existing, or any supplemental pleading allowed according to law. (289)

*Error to Morgan District Court.* Hon. H. P. Burke, Judge

Messrs. Taylor & Pendell for plaintiffs in error.

Mr. Walter S. Coen for defendants in error.

Morgan, J.

The lower court overruled a general demurrer to the complaint, and a motion to dissolve the attachment, and, on defendants' election to stand on the demurrer and motion, entered judgment, sustaining the attachment and requiring that defendants, Dygert and Cockran, deliver up three certain promissory notes of $700 each, or, that plaintiffs recover from them $2,100 and interest. These two defendants bring error.

The court erred in sustaining the attachment. The first section of the attachment act (Sec. 91, Mills' Ann. Code) specifically provides that an attachment may issue in "an action on contract express or implied." Sec. 92 provides that the affidavit in attachment must state that the defendant is indebted to the plaintiff. These provisions have been strictly construed. *Goss v. Bd. of Co. Comrs.*, 4 Colo. 468; *Mentzer v. Ellison*, 7 Colo. App. 315. This action is not on a contract, or an indebtedness. The complaint states that defendant Dygert, as agent of defendant Cockran, by fraudulent representations that one Glasgow would be one of the purchasers of a certain horse and would sign the three notes aforesaid, and that the notes would be returned and destroyed if he did not, induced the plaintiffs and Swisher (who was made a defendant because he would not join in the suit) to sign the notes and deliver them without Glasgow's signature; that before the horse was delivered the plaintiffs ascertained that Glasgow had not taken any interest in the horse or signed the notes; that plaintiffs fear the defendants Dygert and Cockran will negotiate the notes; that they refused to perform the contract on their part to "the very great damage of these plaintiffs." The prayer was for an injunction restraining the defendants from disposing of or making use of said notes; that they be delivered up and cancelled; that in case they were not delivered up, that judgment be rendered for the amount of said notes and interest.

These averments constitute the basis of a suit in equity to restrain the negotiation and require the cancellation of the notes. The remedy by attachment is a special remedy at law,

except in some states where it is authorized in chancery. Drake on Attachments (7th Ed.), Sec. 4a. It is contended that the promise, that the notes would be returned and destroyed if Glasgow did not sign them, constitutes the contract, and its breach the damages claimed; but such promise was merely a condition precedent to the taking effect of the purchase and sale of the horse and the validity of the notes, and is a constituent· element of the contract of purchase and sale, inseparable therefrom. Independent of the contract of purchase and sale, it has no consideration, and an attachment cannot be predicated upon it. Furthermore, neither one of the notes had been paid by the plaintiffs and no indebtedness existed from defendants to plaintiffs, or could exist, until they paid the notes.

The foregoing disposition of the attachment shows that the judgment for $2,100 was erroneous. If there was no indebtedness due from defendants to the plaintiffs and no damages accrued, a judgment for the same cannot stand, even if the notes were not delivered up for cancellation.

Now, as to that part of the judgment ordering the notes to be delivered up for cancellation. No evidence was introduced, and, on the general demurrer, the complaint must be taken for all that may be reasonably inferred from matters well pleaded therein.—*Supply Ditch Co. v. Elliott,* 10 Colo. 327, 15 Pac. 691, 3 Am. St. 586; *Marix v. Stevens,* 10 Colo. 261, 15 Pac. 350. And in *Logan v. Clough,* 2 Colo. 323, 327, it is said "that a demurrer cannot be·sustained if any proof, properly called for by, and properly founded upon, the allegation in the bill, can make the case a proper subject for equitable jurisdiction," citing *Bleeker v. Bingham,* 3 Paige 84; *Francis v. Wells,* 2 Colo. 660, 669. The purport of the complaint is to charge that the three notes were delivered with the understanding that they were to be void and of no effect if Glasgow did not sign them and thus take an interest in the horse. Promissory notes, signed and delivered under an express agreement and condition that they are not to be-

come obligatory until signed also by another person, are void at the option of the makers, in the hands of the original payee, if not signed by such other person. 1 *Daniels on Neg. Insts.*, Sec. 68a. Hence it was not error to enter the judgment ordering the notes to be delivered up, as this was equivalent to cancellation in the hands of the defendants, Dygert and Cockran, and equivalent to a permanent injunction against a transfer of the notes by them. As all three of the notes are now due, the reversal of that part of the judgment sustaining the attachment and for the $2,100 is not intended to operate against any right of action that may now exist, or against any supplementary pleading on the part of plaintiffs, allowed by law.

The judgment of the lower court is, therefore, affirmed as to that part of it ordering the notes to be immediately delivered up, and reversed as to that part of it sustaining the attachment and giving judgment for $2,100, with costs of both courts to be paid by the plaintiffs in error.