RUETER AND COMPANY *vs.* JOSEPH M. GOODE & others.

Suffolk.   December 7, 1925. — May 29, 1926.

Present: BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Equity Pleading and Practice,* Answer, Exceptions to answer.

No exception lies to an answer to a bill in equity which is not a bill for discovery.

BILL IN EQUITY, filed in the Superior Court on August 6, 1923.

The pleadings are described in the opinion.   Exceptions to an amended answer were heard by *Lummus,* J., and by his order an interlocutory decree was entered sustaining the exceptions and ordering the matter excepted to struck from the answer.   The judge then reported the suit to this court under G. L. c. 214, § 30, for determination of the correctness of his ruling and of the interlocutory decree.

*A. T. Smith,* for the plaintiff.

*E. C. Jenney,* for the defendants.

BRALEY, J.   It is alleged that the defendants Freese and Goode as makers and the defendants Flynn and Washburn as indorsers owe the plaintiff $2,625 with interest according to the tenor of a promissory note, a copy of which is annexed to the bill.   The prayers are for the establishment of the debt, and that the interest of these defendants in certain shares of the capital stock of the defendant, the Clarendon Garage Corporation, and in any moneys they or either of them may have on deposit with the defendant the State Street Trust Company, may be reached and applied in payment. G. L. c. 214, § 3, cl. 8.   The averments of the original answers are not here in controversy.   But Goode, Freese, Washburn, and Flynn filed an amended answer which was allowed by the court, containing ten paragraphs by way of defence, reading as follows:

" (1) And further answering the defendants say that at the time of the signing of said alleged promissory note the plaintiff and the defendants agreed that said alleged note was an integral part of a certain agreement to locate and establish a chain of stores in Boston and vicinity and that only the products of the plaintiff were to be sold in said stores.

" (2) That at the time or before the signing of said note the plaintiff was the owner or controlled a large number of licenses in Boston for the sale of intoxicating liquors.

" (3) That at the time of the signing of said alleged note the plaintiff caused to be transferred to the said defendants, Joseph M. Goode and John F. Freese one of the many licenses that the plaintiff owned or controlled.

" (4) That at the time or before the signing of said alleged note, the plaintiff and defendants agreed that the plaintiff only should furnish the J. M. Goode and Company with beer for its trade.

" (5) That the plaintiff failed in accordance with the agreement which it made at the time or before the signing of said note to furnish beer to the defendants before all the amount due on said alleged note and said agreement was paid.

"(6) That at the time and before the signing of said note the plaintiff and the defendants agreed that only the net proceeds of the business of said J. M. Goode and Company should be applied to pay any of the amount due on said alleged note, and further, the parties hereto agreed with each other that until said alleged note had been paid in full, the defendants should sell only the products of the plaintiff.

"(7) And your defendants say that it was agreed between the plaintiff and the defendants at or before the signing of said note, that if the city of Boston should for any cause refuse or neglect to grant a license to Joseph M. Goode or John F. Freese to sell intoxicating liquor, that any amount then remaining due under said note should be forgiven or cancelled.

"(8) And your defendants say that it was agreed between the parties hereto that if at any time the plaintiff should request the defendant Joseph M. Goode to surrender or assign the license to sell intoxicating liquor under which he was operating the store to the plaintiff or its nominee, the principal sum under said alleged note or any part thereof being unpaid, that the same was to be cancelled.

"(9) That at the time of the signing of said alleged note the plaintiff agreed with your defendants as part of their business enterprise that the plaintiffs would not sell or offer for discount said alleged note or assign or transfer the same, and would hold said note subject to the joint enterprise agreement as herein set forth.

"(10) And your plaintiff and defendants agreed that if at any time said business became unlawful and the city of Boston should refuse and neglect to grant licenses for the sale of intoxicating liquor in the store operated by your defendant Joseph M. Goode, that any amount due on said alleged note was to be cancelled or forgiven."

The plaintiff thereupon excepted to the amended answer on the ground, "that the allegations contained in said amendment to the answer and each paragraph thereof do not constitute a legal defence, that no evidence in support of said allegations would be competent and admissible in the trial of the cause, and that said matter should not be permitted to

remain in the pleadings to form the basis of a request for issues to be framed thereon to be submitted to a jury." The trial judge entered an interlocutory decree sustaining the exceptions, ordered "the matter excepted to . . . stricken out" and reported the case for our determination.

The purpose of the bill is to establish the debt and then to collect it out of property rights which cannot be reached on execution. *Stockbridge* v. *Mixer*, 215 Mass. 415, 418. It is not a bill for discovery. It is settled by *Pearson* v. *Treadwell*, 179 Mass. 462, and *Costello* v. *Tasker*, 227 Mass. 220, that exceptions to an answer for insufficiency, which means that no defence is pleaded, applies in our practice only to bills for discovery. The plaintiff's rights can be determined at the trial of the merits by objection to the admission of evidence when offered in proof of the facts averred by the defendants. *Marsch* v. *Southern New England Railroad*, 230 Mass. 483, 491. *Zielmann* v. *Capelof*, 232 Mass. 393. *Massachusetts Biographical Society* v. *Howard*, 234 Mass. 483, 487.

*Decree reversed.*